

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE DE LA PAZ SANCHEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 16 CV 2980 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Jose de la Paz Sanchez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [4] is denied. In addition, a Certificate of Appealability is denied as to all of the aforementioned motions pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts.

## STATEMENT

Before the Court are Petitioners Salome Varela ("Varela"), Miguel Torres ("Torres"), Jesus Ruiz ("Ruiz"), and Jose de la Paz Sanchez's ("Sanchez") (collectively, "Petitioners") motions under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. Petitioners were tried together for the charges out of which the present petitions arise. The parties have thus asked that the Court consider Petitioners' requests for relief together, as the issues and facts raised in the petitions are substantially similar. The Court therefore addresses the petitions together. For the following reasons, the petitions are all denied.

Petitioners collected debts for a drug cartel. In collecting these debts, Petitioners kidnapped debtors or their family members at gunpoint, held the victims hostage, and beat the victims. On one such occasion, Petitioners kidnapped seventeen year-old Jaime Estrada ("Estrada"), a debtor's brother. Petitioner's told Estrada's family that they had shot Estrada and demanded that the family pay them a ransom. Estrada's family informed the FBI, who orchestrated a controlled delivery of the demanded payment. Petitioners fled when the FBI attempted to arrest them. During a high-speed car chase on the highway, Varela aimed a pistol at an FBI agent.

The following day, Estrada was found severely wounded in a West side used car lot. Seventeen days later, Estrada died from the gunshot and ensuing 30-hour delay. Petitioners were charged with the following crimes: (1) participating in a racketeering ("RICO") enterprise involving multiple acts of kidnapping, extortion, and a felony murder, in violation of 18 U.S.C. § 1962(d) (Count I); (2) hostage taking in violation of 18 U.S.C. § 1203(a) (Counts II-V); (3) conspiracy to kidnap, in violation of 18 U.S.C. § 1201(a) (Count VI); (4) kidnapping in violation of 18 U.S.C. § 1201(a) (Count VII); (5) using and carrying a firearm during and in relation to the violent crimes alleged in Counts VI and VII, in violation of 18 U.S.C. § 924(c) (Counts IX and

X); (6) assault on a federal law enforcement officer, in violation of 18 U.S.C. § 111 (Count VIII); and (7) using and carrying a firearm and in relation to the offense in Count VIII, in violation of 18 U.S.C. § 924(c).[1]

Petitioners elected to proceed to trial, after which a jury convicted Petitioners on all counts of the superseding indictment. All petitioners were sentenced to life in prison on Counts I-IV and VI; mandatory life in prison on Count V and VII; five years to run consecutively on Count IX; and twenty years to run consecutively on Count X. Additionally, Varela, Torres, and Ruiz were sentenced to ten years on Count VIII and twenty years to run consecutively on Count XI.

The Seventh Circuit affirmed Petitioners' convictions and sentences on appeal, and the Supreme Court denied Petitioners' ensuing writ of certiorari. Petitioners have filed a number of post-conviction motions to date. Each such motion has been denied. However, the Seventh Circuit has now granted Petitioners the right to file successive § 2255 motions in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which found a portion of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") unconstitutional under the Constitution's prohibition of vague criminal laws.

Section 2255 allows a federal prisoner to vacate, set aside, or correct his sentence when his judicial process contained "'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)); see also 28 U.S.C. § 2855. Where the Supreme Court recognizes a new constitutional right, a petition seeking relief pursuant to that right is timely if filed within one year of the initial recognition of the right. 28 U.S.C. § 2255(f)(3).

Petitioners assert that constitutional changes in law found in Johnson and the subsequent Seventh Circuit decision in United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015) render Petitioners' consecutive sentences pursuant to 18 U.S.C. § 924(c) constitutionally void. In Johnson, the Supreme Court examined the definition of the term "violent felony" pursuant to the ACCA. In what has been dubbed the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), the statute includes as a "violent felony," "any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" Johnson v. United States, 135 S. Ct. at 2555 (quoting § 924(e)(2)(B)(ii)). The Court ultimately declared that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Id.

The Seventh Circuit has since extended Johnson's holding. In Vivas-Ceja, the court considered the constitutionality of the definition of "crime of violence" pursuant to 18 U.S.C. § 16. Under § 16 a crime of violence is: (a) an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that *is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" (emphasis added). The court found the emphasized language in § 16(b) analogous to the language that the Supreme Court found unconstitutional in the ACCA's residual clause. Vivas-Ceja, 808 F.3d at 722 ("This language, though not identical to the residual clause, is materially

---

[1] Only Torres, Varela, and Ruiz were charged with assault on a federal law enforcement officer, in violation of 18 U.S.C. § 111 and using and carrying a firearm during and in relation to that offense, in violation of 18 U.S.C. § 924(c). Sanchez was not charged with these crimes.

the same.") (citation omitted). Accordingly, the Seventh Circuit found § 16(b) "unconstitutionally vague." Id. at 723.

Here, Petitioners were sentenced pursuant to 18 U.S.C. §§ 1962(d) (RICO); 1203(a) (hostage taking); 1201(c) (conspiracy to kidnap); 1201(a) (kidnapping); 111 (forcible assault of a law enforcement officer); and 924(c)(1) (using a pistol during the conspiracy to kidnap, using a rifle during the kidnapping, and using a pistol during the assault of a law enforcement officer). The consecutive sentences imposed under § 924(c)(1) resulted from the statute's provision for enhanced punishment for the use or carriage of a firearm during and in relation to any "crime of violence."

Section 924(c)(3)(B) defines "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Petitioners assert that this must be unconstitutional because it is the same language contained in § 16, which the Vivas-Ceja court held did not pass constitutional muster. The Government responds with several arguments: (1) if there were any constitutional defect in § 924, it would be harmless because Petitioners do not challenge their life sentences pursuant to the other aforementioned statutes; (2) § 924(c)(3)(B) is materially distinguishable from the ACCA and § 16 based on previous appellate decisions and the surrounding context in the statutes' respective statutory schemes; and (3) even if § 924(c)(3)(B) were unconstitutional, the predicate offenses all qualify as "crimes of violence" as defined by § 924(c)(3)(A), the constitutionality of which is not contested.

The Court need only address the Government's first argument, as it is dispositive. The Government asserts that Petitioners have only challenged the consecutive sentences imposed by the Court after trial. Notably absent, however, is any attack on the life sentences that each Petitioner also received. See Pet.'s Mem. at 12 ("In Petitioners' case, *their sentence was enhanced by Forty Five consecutive years of imprisonment*...based on the three Counts in which they were charged with using and carrying a firearm during and in relation to a *"crime of violence," in violation of 18 U.S.C. § 924(c).*") (emphasis added); Torres Mem. at 3 ("Applicant asserts that he should not have received "*a separate, consecutive sentence under 18 U.S.C. § 924(c)*..." (emphasis added); see also Gov't Mem. at 3 (setting forth table enumerating each individual sentence imposed). As set forth above, all petitioners were sentenced to life in prison on Counts I-IV and VI and mandatory life in prison on Count V and VII. Consequently, even if a constitutional change in the law required the elimination of the consecutive sentences pursuant to § 924(c)—that is, all of Petitioners' sentences of five years to run consecutively on Count IX, all of Petitioners' sentences of twenty years to run consecutively on Count X; and Varela, Torres, and Ruiz's sentences of twenty years to run consecutively on Count XI—Petitioner's life sentences would remain in full force and effect. The Government correctly argues that Petitioners therefore have no avenue to relief because any error would be harmless, since the ultimate sentences would not change. Gov't Mem. at 1-2 ("Notably, [Petitioners] *do not challenge their life sentences*, which means that any error on the § 924(c) counts is harmless as it *would not affect their ultimate sentences.*") (emphasis added). The Court agrees that even if Petitioners were able to establish the merits of their contention, it would be of no material consequence thus fatally undermining their petitions. See Sorich v. United States, 709 F.3d 670, 673-74 (7th Cir. 2013) (applying harmless error analysis and affirming denial of § 2255 petition because the error "did not have a 'substantial and injurious effect or influence' [on the result of the trial]."); Hedgpeth v. Pulido, 555 U.S. 57, 68 n. 3 (2008) (Stevens, J. dissenting) (noting

proper standard "[i]f there is constitutional error, [is to] consider whether the error was harmless").[2]

In sum, even if Petitioners were correct as to the application of the Supreme Court's holding in Johnson, any resulting constitutional change in the law pertaining to their sentences pursuant to § 924(c) would have no effect on their ultimate sentences, as they do not contest their life sentences under the other statutory provisions. Accordingly, the Court agrees with the Government that any error would be harmless. The Court declines to address the parties' alternative positions. Petitioners § 2255 petitions are all denied.

IT IS SO ORDERED.

ENTER:

*Charles Norgle*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: December 21, 2017

RECEIVED-E04
17 DEC 21 PM 3:02
CLERK COURT
U.S. DISTRICT COURT

---

[2] The Court notes that Petitioners' decision to entirely ignore the harmless error issue in their reply brief is also telling. See Hardy v. City Optical Inc., 39 F.3d 765, 771 (7th Cir. 1994) (failure to address issues in a reply "waives, as a practical matter [], any objections not obvious to the court to specific points urged by the [opposition]" and "[i]n an adversary system, in which by its nature judges are heavily dependent on the lawyers to establish the facts upon which decision will be based, the failure to reply to an adversary's point can have serious consequences").